# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

JANET BALLARD,
    PLAINTIFF,

v.                               CIVIL ACTION NO.:

SEARS, ROEBUCK AND COMPANY.
    DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Janet Ballard, (hereinafter referred to as the "Plaintiff" or "Ballard"), by and through his undersigned attorney, sues defendant, Sears, Roebuck and Company (hereinafter, "Defendant" or "Sears") and alleges as follows:

### *JURISDICTION AND VENUE*

1. This is an action to remedy discrimination on the basis of disability, and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes; Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; and the Americans with Disabilities Act Amendments of 2008 (ADAA).

2. Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

3. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k),

1

Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

4. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

5. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 201919549) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D201900691) on April 30, 2019, more than 180 days lapsed since Plaintiff's charge was filed and the FCHR had not concluded its investigation or made a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his 90 day Notice of Right to Sue letter from the EEOC which was received on January 22, 2020.

## *PARTIES*

6. Plaintiff is a Caucasian female and a citizen of the State of Florida and a resident of Santa Rosa County who resides in Milton, Florida. Plaintiff worked for defendant as from August 23, 1995, until her unlawful termination on March 8,

2019.

7. Defendant, Sears, Roebuck and Company, is a for profit Company which also owns and operates stores throughout the United States and Florida. Defendant employs more than fifteen (15) employees across the United States and Florida. Defendant is an employer within the meaning of the ADA and FCRA, as it employs in excess of 15 employees.

## *FACTS*

8. Plaintiff is a 47 year old Caucasian female.

9. Plaintiff was employed by Defendant for twenty three (23) years, six (6) months and fourteen (14) days at its Sears Home Services store in Pensacola, Florida.

10. Defendant hired Plaintiff on August 23, 1995, as a Support Specialist.

11. Defendant promoted Plaintiff on August 29, 2010 to a Shipping and Receiving Associate and again on February 12, 2012 to an In-Home District Inventory Specialist.

12. On July 9, 2017, Defendant restructured Plaintiff's District Inventory Specialist to also include the Asset Lead role.

13. During Plaintiff's employment with Defendant, she performed the duties and responsibilities of her position in an exceptional manner and was not the subject of any disciplinary issues.

14. In 2012, Plaintiff began taking the medication Gabapentin for trigeminal neuralgia.

15. A side effects of this medication caused Plaintiff to have blurry vision, dizziness, and slowed reaction times.

16. Plaintiff requested to be exempt from driving company vehicles due to her driving difficulties.

17. Plaintiff was accommodated by the local office in Pensacola at this time and for the next seven (7) years.

18. On or about August 6, 2017, Ms. Ava Lofgen became Plaintiff's direct manager. Ms. Lofgren worked out of a Sear store located in St. Petersburg, Florida, while Plaintiff worked out of the Sears store located in Pensacola, Florida.

19. On June 4, 2018, Plaintiff began taking the medication Modafinil for hypersomnolence, a sleep disorder similar to narcolepsy.

20. On July 19, 2018, Plaintiff began taking medication Lyrica to replace the Gabapentin.

21. In September 2018, Defendant reorganized and reduced the number of regions from three (3) to two (2) regions (East and West).

22. During this time, Plaintiff was adjusting to her change in medication and on occasion had delayed taking it so she could do some drop offs, pick up and on one occasion drive out of town to Meridian, MS and Baton Rouge, LA.

23. After the trip to Meridian, MS and Baton Rouge, LA, Plainitff reported to HR representative Danyelle Madison and the District Office Suprervisor, Gary Barnes, that with her change in medication she could no longer drive.

24. Mr. Barnes assured Plaintiff that other arrangements would be made to accommodate her so she would not have to drive.

25. Plaintiff also notified Ms. Lofgen and Miguel Acevedo, the Asset Coordinator, about her change in medication and that change she was not able to drive company vehicles, to which both of them also assured her would not be an issue.

26. From September 2018 until February 2019, Plaintiff performed the essential functions of her position in an exemplary manner and without incident.

27. On February 1, 2019, Plaintiff, without any prior warning or notice, was asked by Ms. Lofgren, District Office Supervisor, to report her driving restriction to Centralized Leave Management Team (CLMT).

28. On February 12, 2019, Plaintiff was required to submit an accommodation Request Assessment Form outlining her driving restrictions.

29. Plaintiff complied by having her doctor fax the requested forms to the Centralized Leave Management Team.

30. On February 19, 2019, Plaintiff was contacted by Kathy Dowe, Leave & Accommodations Consult who informed Plaintiff that her accommodation request

would be denied by the district office.

31. Plaintiff informed Ms. Dowe that she had been performing the essential functions of her position in an exemplary manner and without incident, without driving, since September 2018.

32. Ms. Dowe ignored Plaintiff's statement and simply informed her that she had two (2) choices, she could ask to be reassigned to a different position or be separated from the company.

33. While the two were on the phone, Ms. Dowe checked for any open positions where Plaintiff lived and nothing was available.

34. Ms. Dowe then suggested Plaintiff try to talk to her doctor and see if there was a way he could lift the driving restrictions.

35. Plaintiff was emailed a new accommodation form and was given until March 6, 2019, to have it submitted to CLMT.

36. The second Accommodation Request Assessment Form produced the same result.

37. On March 7, 2019, Plaintiff was again informed that her accommodation request had been denied and she was being placed on a 30 day leave of absence, which would begin on March 8, 2019, to find another positon within the company.

38. Already having been informed by Ms. Dowe that there were no other

positions within the company for which Plaintiff would qualify for, on March 8, 2019, Plaintiff called the CLMT to have the leave of absence cancelled, at which time Plaintiff was informed that she would be separated from the company.

39. Defendant had knowledge of Plaintiff's disability, trigeminal neuralgia and hypersomnolence, and the side effects of the treatment drugs, blurry vision, dizziness and sleep disorders to since at least 2012 and 2018, when she informed Defendant of the her disability and treatment drugs.

1. Defendant and its supervisors, were aware of Plaintiff's disability.

2. Plaintiff is a qualified individual with a disability:

  (a) she has a physical impairment that substantially limits one or more major life activities: Plaintiff suffers from mobility, blurred vision and sleep related fatigue;

  (b) Plaintiff is under the treatment of a doctor for the care and treatment of her physical disabilities.

  (c) she has a record of such impairment; and,

  (d) she was regarded (perceived or otherwise) by Defendant as having such impairments.

37. Plaintiff's disabilities substantially affected the major life activities of concentration, sight and mobility.

38. Plaintiff had the ability to perform the essential functions of her position

7

and did so without incident until her termination on March 8, 2019.

## FIRST CAUSE OF ACTION
*(DISABILITY DISCRIMINATION - AMERICANS WITH DISABILITIES ACT, (ADA), AND AMERICANS WITH DISABILITIES ACT AMENDMENTS (ADAA))*

40. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 39 of this complaint with the same force and effect as if set forth herein.

41. This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

42. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

43. At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

44. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and

discrimination against him for engaging in a protective activity and for any actual or perceived disability.

45. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

46. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

47. As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

48. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

49. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## SECOND CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

50. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 39 of this complaint with the same force and effect as if set forth herein.

51. This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

52. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

53. At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117,

12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

54. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

55. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

56. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

57. As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge;

and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

58. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

59. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

THIRD CAUSE OF ACTION
*(DISABILITY DISCRIMINATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

60. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 39 of this complaint with the same force and effect as if set forth herein.

61. Defendant discriminated against Plaintiff on the basis of his disability in the terms, conditions, and privileges of Plaintiff's denied employment in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

62. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

63. At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

64. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

65. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

66. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

67. As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the

unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

68. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

69. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## FOURTH CAUSE OF ACTION
*(DISABILITY RETALIATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

70. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 39 of this complaint with the same force and effect as if set forth herein.

71. This is an action to remedy retaliation by the Defendant in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

72. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

73. At all times material hereto, Defendant was an employer within the

meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

74. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity and for any actual or perceived disability.

75. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

76. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

77. As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge;

and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

78. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

79. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

*PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a. Declaring the acts and practices complained of herein are violation of the ADAA and Florida Civil Rights Act (FCRA).

b. Enjoining and permanently restraining those violations of the ADAA, and Florida Civil Rights Act (FCRA).

c. Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d. Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory

treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

    i.      Awarding Plaintiff Front Pay in lieu of reinstatement;

    ii.     Awarding Plaintiff compensatory damages;

    iii.    Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

e.    Granting such other and further relief as the Court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

                                                      Respectfully submitted,

Dated: March 26, 2020.          By: */s/ Clayton M. Connors*
                                               CLAYTON M. CONNORS
                                               Florida Bar No.: 0095553
                                               Email: cmc@westconlaw.com
                                               **WESTBERRY & CONNORS, LLC.**
                                               4400 Bayou Blvd., Suite 32A
                                               Pensacola, Florida 32503
                                               Tel: (850) 473-0401
                                               Fax: (850) 473-1388
                                               Attorney for the Plaintiff